SECOND CAREY TRUST (AN EXPRESS TRUST), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108355. Promulgated August 27, 1943.

*George E. H. Goodner, Esq.*, for the petitioner.
*Wilford H. Payne, Esq.*, for the respondent.

OPINION.

ARNOLD, *Judge:* The respondent determined petitioner's excess profits tax liability for 1937 upon the basis of a capital stock value declared in a delinquent return filed by a deputy collector under section 3176 of the Revised Statutes. Petitioner seeks to increase respondent's $500,-000 valuation by an "amended" return in which it declared a value for capital stock tax purposes of $783,032.12. If petitioner is entitled as a matter of law to "amend" the return filed by the deputy collector, or to have the 1936 capital stock tax return delivered to the collector in December 1942 considered as its "first return" under the statute and this declared value adjusted for the subsequent year as provided in section 105 (f) of the Revenue Act of 1935, then there will be no excess profits tax deficiency for 1937, as 10 percent of the adjusted declared value of petitioner's capital stock will exceed its 1937 net income as determined by the respondent.

It is contended by petitioner that the only material difference between this case and *Haggar Co.* v. *Helvering*, 308 U. S. 389, is that in the latter case both capital stock tax returns were timely filed, while here both returns were filed out of time. It is urged that if a timely return can be corrected by a second timely return, a return filed out of time can likewise be corrected by a second untimely return, especially where the petitioner did not file the first delinquent return. Petitioner distinguishes *Scaife Co.* v. *Commissioner*, 314 U. S. 459, and *Helvering* v. *Lerner Stores Corp.* (*Md.*), 314 U. S. 463, because in those cases timely capital stock tax returns were filed and amended returns offered out of time were refused. Petitioner also cites *Del Mar Addition* v. *Commissioner* (C. C. A., 5th Cir.), 113 Fed. (2d) 410, reversing in part

and affirming in part 40 B. T. A. 833, where the taxpayer filed a capital stock tax return just five days before the Board heard the case on the merits to determine whether taxpayer was an association subject to income and excess profits taxes as a corporation, and *Jordan Creek Placers, Inc.*, 43 B. T. A. 131, which followed the *Haggar* and *Del Mar Addition* cases, *supra*.

We have carefully examined petitioner's contentions in the light of the authorities cited and the facts here presented. It is our opinion, however, that the 1937 capital stock tax return filed by the deputy collector must stand as petitioner's return. Every opportunity was afforded petitioner to file the required returns and to declare a value for its capital stock, but it was adamant in its belief that it was a trust and not an association taxable as a corporation. Since it now concedes that it is an association, *Second Carey Trust* v. *Helvering*, *supra*, capital stock tax returns were required to be filed. As pointed out by the court in *Del Mar Addition*, *supra*, a "taxpayer takes a severe risk if it permits the collecter to make his own computation and return * * *." Here, the taxpayer accepted the risk when it persisted in its belief that it was not taxable as a corporation. After certiorari was denied by the Supreme Court in October 1942, it tendered for filing returns declaring a value for capital stock tax purposes which it now seeks to have accepted. But long prior thereto the collector had filed returns for petitioner as he was required to do by section 3176 of the Revised Statutes, as amended. It is now too late to amend the collector's return or to substitute petitioner's declaration for that of the collector. *Lee H. Marshall Heirs*, 45 B. T. A. 632.

Petitioner recognizes, as it must, that the last cited case is directly opposed to its contention. It is urged, in opposition thereto, that the holding denies a taxpayer the privilege of fixing its capital stock value for tax purposes and is inconsistent with the provisions for amendment of a deputy collector's return provided for in section 3176 of the Revised Statutes. As to the first argument it is sufficient to point out that petitioner refused to exercise the privilege when requested to do so by the deputy collector, who thereupon made a binding election for petitioner. *Joe Goldberg*, 14 B. T. A. 465; *Sarah Briarly*, 29 B. T. A. 256; *Fred Taylor*, 36 B. T. A. 427; *Fred M. Harden*, 44 B. T. A. 961, 966.

The second objection to the *Lee H. Marshall Heirs* case, *supra*, namely, that the deputy collector's return can be amended, is not well founded. Section 3176 of the Revised Statutes, as amended, provides in part that, in case of a return made by a collector or deputy collector, the "Commissioner of Internal Revenue *may*, from his own knowledge, and from such information as *he* can obtain through testimony or otherwise, make a return or *amend any return* made by a collector

or deputy collector." (Italics supplied.) We can not believe that Congress intended by this language to throw wide the door to any delinquent taxpayer to amend a return filed by the collector or deputy collector under section 3176. The right to amend is granted to the "Commissioner of Internal Revenue," but no such right is granted to a taxpayer who has failed to file a return at the time required by law.

One other argument advanced by petitioner merits comment. It is urged that respondent used the wrong basis in 1937 because the capital stock value declared for that year is the same as that declared in 1936, namely, $500,000, whereas section 105 (f) of the Revenue Act of 1935 provides that the 1936 declaration, which was the "first return" within the meaning of said section, should be adjusted in the particulars set forth in section 105 (f). Respondent concedes that he made no adjustments of the 1936 value in arriving at the declared value for 1937, but points out that if the adjustments shown in petitioner's 1937 "amended" return are correct, the 1937 adjusted declared value would be even less than he has determined. Respondent admits, however, that he is now bound by the determination set forth in the statutory notice of deficiency and he has made no claim that the excess profits tax deficiency should be increased because of his failure to make these adjustments. Obviously, petitioner benefits from respondent's failure; but we can find no basis in that failure to permit petitioner to amend the deputy collector's return or to hold that petitioner's later declaration of value should be substituted for respondent's.

*Decision will be entered under Rule 50.*