Carey Trust of New York (an Express Trust) v. Commissioner.
Carey Trust of New York v. Commissioner
Docket No. 108354.
United States Tax Court
1943 Tax Ct. Memo LEXIS 131; 2 T.C.M. (CCH) 708; T.C.M. (RIA) 43405; August 31, 1943
*131 George E. H. Goodner, Esq., Munsey Bldg., Washington, D.C., for the petitioner. Wilford H. Payne, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: This proceeding involves income and excess profits tax deficiencies, as follows: Excess
Year
Income tax
profits tax
1937
$5,120.85
$1,209.87
1938
1,719.59
1939
2,549.98
The parties have stipulated or waived all issues but one. Effect will be given to the stipulations upon recomputation under Rule 50. The sole issue remaining is whether petitioner's excess profits tax liability for 1937 should be determined upon a capital stock value of $264,500, as determined by respondent, or $451,866.89, as claimed by the petitioner. Findings of Fact Petitioner was created under the laws of Oklahoma in 1934 and has its principal office in Tulsa, Oklahoma. It filed its returns for the taxable years with the collector of internal revenue at Oklahoma City. Petitioner originally filed fiduciary income tax returns for the taxable years on Form 1041. It refused to file capital stock tax returns upon the advice of counsel that it was a trust and not an association taxable as a corporation. It *132 never prepared or filed an income tax return for 1937 on a corporate basis. Following petitioner's refusal to execute capital stock tax returns a deputy collector in Oklahoma, acting under the authority of section 3176 of the Revised Statutes, prepared and filed for the petitioner, on or about June 14, 1937, delinquent capital stock tax returns on Form 707 for the taxable years 1936 and 1937. These capital stock tax returns show a declared capital stock value for 1936 of $265,500, and an adjusted declared capital stock value for 1937 in a like amount with the following statement: "No adjustments - taxpayer filed income tax returns as a fiduciary - entering litigation protesting commissioner's ruling as to taxability as a corporation." In preparing said returns the deputy collector had at his disposal and use all of petitioner's books and records. The capital stock value fixed by the deputy collector is the same as the purchasers of beneficial interest for the shares or units in the petitioner. Petitioner paid the taxes assessed on the capital stock tax returns filed by the deputy collector for 1936 and 1937 in the amount of $264 for each year. The trustees of this petitioner were *133 also trustees of other trusts of the same nature which had appealed from the Commissioner's determination that the trust was an association taxable as a corporation. After the trust was finally determined to be an association taxable as a corporation, Second Carey Trust v. Helvering, 126 Fed. (2d) 526, certiorari denied, 317 U.S. 642 (October 12, 1942), this petitioner prepared and presented to the collector of internal revenue for filling "amended" capital stock tax returns for 1936 and 1937. The declared value of capital stock in the "amended" 1936 return was $450,000; the adjusted declared value in the "amended" 1937 return was $451,866.89. Petitioner tendered its check for $373 covering the additional taxes due for 1936 and 1937, as shown by said "amended" returns in the respective amounts of $186 and $187. Petitioner's declared and adjusted capital stock values were fixed sufficiently high to wipe out the excess profits tax deficiency previously determined by respondent for 1937. Petitioner's "amended" returns for 1936 and 1937, together with its check for $373, were received by the collector on or about December 8, *134 1942. The returns were not accepted by the collector for filing, and the amount of the check is carried in the collector's suspense or unidentified account for refund to the petitioner pending instructions from the Commissioner of Internal Revenue. Claims for refund with respect to its capital stock taxes for 1936 and 1937 were subsequently filed by petitioner to protect its interests. It is stipulated that for the taxable year 1937 petitioner is entitled to a deduction of $303.67 for depreciation in addition to the amount of depreciation allowed for that year in the statutory notice of deficiency. It is stipulated that the correct deficiencies in income taxes for the taxable years 1938 and 1939 are in the respective amounts of $1,455.54 and $2,327.07. Opinion The parties hereto are agreed that the issue herein is controlled by our decision in Second Carey Trust, 2 T.C. 629, and that except for the differences in names, dates and amounts, the material facts are in all respects similar. Our analysis confirms the statements of counsel and upon authority of the cited case and for the reasons therein stated, we affirm respondent's determination as to *135 the adjusted declared value of petitioner's capital stock for 1937. In view of the stipulations of the parties the deficiencies will have to be recomputed, and accordingly, Decision will be entered under Rule 50.