Carey Trust (an Express Trust) v. Commissioner. Oklahoma Carey Trust (an Express Trust) v. Commissioner.
Carey Trust v. Commissioner
Docket Nos. 108353, 108358.
United States Tax Court
1943 Tax Ct. Memo LEXIS 117; 2 T.C.M. (CCH) 780; T.C.M. (RIA) 43419; September 17, 1943
*117 George E. H. Goodner, Esq., Munsey Bldg., Washington, D.C., for the petitioners. Wilford H. Payne, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: These proceedings, consolidated by the Court upon its own motion, involve income and excess profits tax deficiencies as follows: Income Tax Deficiencies
Docket
Docket
No. 108353
No. 108358
1937
$11,424.77
$7,463.35
1938
5,418.08
2,667.15
1939
5,829.81
3,366.14
Excess Profits Tax Deficiencies
Docket
Docket
No. 108353
No.108358
1937
$4,622.51
$1,116.32 All issues but one have been stipulated or waived. Effect will be given the stipulations of the parties in the computation of decisions for entry under Rule 50. The sole issue remaining in each proceeding is the capital stock value to be used in determining the amount of petitioner's income which is exempt from excess profits tax in 1937, i.e., in the Carey Trust proceeding, whether $400,000, as determined by respondent, or an adjusted declared value of $898,519.03, as contended for by petitioner; and in the Oklahoma Carey Trust proceeding, whether $400,000, as determined by respondent, or an adjusted declared *118 value of $600,683.37, as contended by petitioner. Findings of Fact Petitioners are express trusts organized under the laws of Oklahoma with their principal offices in Tulsa, Oklahoma. They filed returns for the taxable years with the collector of internal revenue at Oklahoma City, Oklahoma. The Carey Trust was organized in 1933 and the Oklahoma Carey Trust in 1934. The petitioners originally filed fiduciary income tax returns on Form 1041. They refused to file capital stock tax returns for the taxable years upon the advice of counsel that they were trusts and not associations taxable as corporations. They never prepared or filed income tax returns for the taxable years on a corporate basis. The following findings of fact relate to the Carey Trust: After petitioner's refusal to execute capital stock tax returns, a deputy collector of internal revenue in Oklahoma, acting under the authority of section 3176 of the Revised Statutes, prepared and filed for the petitioner, on or about June 14, 1937, delinquent stock tax returns on Form 707 for the taxable years 1936 and 1937. These capital stock tax returns show a declared capital stock value for 1936 of $400,000, and an adjusted declared *119 value for 1937 in alike amount with the following statement: "No adjustments - taxpayer filed income tax returns as a fiduciary - entering litigation protesting commissioner's ruling as to taxability as a corporation." In preparing said returns the deputy collector had at his disposal and use all of petitioner's books and records. The capital stock value fixed by the deputy collector is the same as the purchasers of beneficial interest paid for the shares or units in the petitioner. Petitioner paid the taxes assessed on the capital stock tax returns filed by the deputy collector for 1936 and 1937 in the amount of $400 for each year. The trustees of this petitioner were also trustees of other trusts of the same nature which had appealed from the Commissioner's determination that the trust was an association taxable as a corporation. After the trust was finally determined to be an association taxable as a corporation, Second Carey Trust v. Helvering, 126 Fed. (2d) 526, certiorari denied, 317 U.S. 642 (October 12, 1942), this petitioner prepared and presented to the collector of internal revenue for filing "amended" capital *120 stock tax returns for 1936 and 1937. The declared value of capital stock in the "amended" 1936 return was $875,000; the adjusted declared value in the "amended" 1937 return was $898.519.03. Petitioner tendered its check for $973 covering the additional taxes due for 1936 and 1937, as shown by said "amended" returns in the respective amounts of $475 and $498. Petitioner's declared and adjusted capital stock values for 1936 and 1937 were fixed sufficiently high to wipe out the excess profits tax deficiency previously determined by respondent for 1937. Petitioner's "amended" returns for 1936 and 1937, together with its check for $973, were received by the collector on or about December 8, 1942. The returns were not accepted by the collector for filing and the amount of the check is carried in the collector's suspense or unidentified account for refund to the petitioner pending instructions from the Commissioner of Internal Revenue. Claims for refund with respect to petitioner's capital stock taxes for 1936 and 1937 were subsequently filed by petitioner to protect its interests. It is stipulated that petitioner is entitled to a depreciation deduction of $605.50 for the year 1937 in *121 addition to the amount of depreciation allowed for that year in the statutory notice of deficiency. It is stipulated that the correct deficiencies in income tax for the taxable years 1938 and 1939 are in the respective amounts of $4,873.61 and $5,431.24. The following findings of fact relate to the Oklahoma Carey Trust: Prior to the filing of delinquent capital stock tax returns for 1936 and 1937, a revenue agent examined petitioner's books and records for 1934. Upon the basis of the agent's report the respondent determined that petitioner was an association taxable as a corporation and determined a deficiency in income tax for 1934. Petitioner appealed this determination, but respondent was affirmed by the United States Board of Tax Appeals in a memorandum opinion entered April 9, 1940. Petitioner appealed therefrom to the Court of Appeals for the District of Columbia, which court affirmed the Board by dismissing petitioner's appeal on November 6, 1942. No petition for certiorari was filed. On or about June 16, 1938, a deputy collector, acting under authority of section 3176, Revised Statutes, prepared and filed delinquent capital stock tax returns for 1935, 1936 and 1937. Each *122 of said returns set out a declared or an adjusted declared value of $400.000. No copies of said returns were furnished the petitioner. Through a typographical error the petitioner's capital stock tax return for 1937 was prepared by the deputy collector in the name of "Oklahoma County Trust". The return was intended for and was treated as petitioner's return. The tax shown by the return was assessed against and paid by the petitioner. A delinquent capital stock tax return for the Oklahoma County Trust. a taxpayer with the same address as petitioner but created in 1935, was prepared and filed by the deputy collector for 1937 on the same date that petitioner's 1937 return was prepared and filed, but its delinquent return shows an adjusted declared value of $375,000 for its capital stock. Before preparing and filing delinquent capital stock tax returns for the petitioner, the deputy collector called upon petitioner and requested it to file the returns for said years. The trustees of petitioner. upon the advice of counsel, refused to file capital stock tax returns because such returns might be construed as an admission that the trust was an association, which question at the time was *123 a matter of litigation between petitioner and respondent. Thereupon the deputy collector prepared and filed the aforementioned returns from the records of petitioner which were placed at his disposal. The deputy collector fixed a value of $400,000 for the capital stock based upon 4,000 shares of beneficial interest at $100 each. The certificates of beneficial interest issued by petitioner had no par value, but were sold by petitioner for $340,000. The capital stock taxes shown on the returns filed by the deputy collector for 1936 and 1937 were assessed against and paid by petitioner in the amount $400of for each year. After the Court of Appeals for the District of Columbia dismissed petitioner's 1934 income tax proceeding (November 6, 1942) petitioner caused capital stock tax returns to be prepared for all years prior thereto upon the basis that it was an association taxable as a corporation. These returns were delivered to the office of the collector of internal revenue. Petitioner's 1936 and 1937 returns were marked "Amended" and stated a declared value of capital stock for 1936 of $625,000 and an adjusted declared value for 1937 of $600,683.37. These returns were received by the *124 collector on or about December 8, 1942, but were not accepted as returns. Petitioner tendered its check for $425 in payment of the additional taxes shown by its 1936 and 1937 capital stock tax returns, i.e., $225 for 1936 and $200 for 1937. This remittance was placed in the collector's suspense account to be later refunded to petitioner. No part of the original capital stock tax payments or the additional amounts tendered the collector in 1942 have been refunded to petitioner. The capital stock tax returns submitted to the collector for 1936 and 1937 were prepared by petitioner at the same time. The capital stock value declared for 1936 was sufficient, after making necessary adjustments for 1937, to eliminate the excess profits tax determined by respondent based upon his determination of petitioner's 1937 net income. In determining the excess profits tax deficiency for 1937, respondent used an adjusted declared value for petitioner's capital stock of $400,000. It is stipulated that for the taxable year 1937 petitioner is entitled to a deduction of $541.36 for depreciation in addition to the amount of depreciation allowed for 1937 in the statutory notice of deficiency. It is stipulated *125 that the correct deficiencies for the taxable years 1938 and 1939 are in the respective amounts of $2,252.80 and $2,873.66. Opinion The parties hereto are agreed that these proceedings involve the same issue as we have heretofore determined in the Second Carey Trust, 2 T.C. 629, and that, except for difference in names, dates and amounts, the material facts are substantially the same. The typographical error made by the deputy collector in designating the Oklahoma Carey Trust's 1937 return as the "Oklahoma County Trust" was satisfactorily explained by petitioner's own witness. Furthermore, the amount of the capital stock tax paid by the Oklahoma Carey Trust was clearly its own assessment and not that of the "Oklahoma County Trust." Upon authority of our decision in the cited case and for the reasons therein set forth, we affirm respondent's determination in the contested issue. In view of the stipulations of the parties, the deficiencies will have to be recomputed, and accordingly, Decisions will be entered under Rule 50.