GIANT AUTO PARTS, LTD., BY JACOB FROST, JULIUS FROST, MILTON FROST, IRVIN FROST, SEYMORE FROST, AND MARIE FROST LEVIN, FORMERLY DOING BUSINESS AS GIANT AUTO PARTS, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16290.    Promulgated April 12, 1950.

*Tress E. Pittenger, Jr., Esq.*, for the petitioner.
*Robert C. Whitley, Esq.*, for the respondent.

SUPPLEMENTAL OPINION.

ARUNDELL, *Judge*: We have previously held, in our opinion promulgated September 15, 1949, and published at 13 T. C. 307, that during the taxable years 1942, 1943, and 1944 the petitioner's organization and manner of operation were more closely akin to that of a corporation than a partnership, and for that reason the petitioner was an association taxable as a corporation within the purview of section 3797 (a) (3) of the Internal Revenue Code. Since that time the parties have been unable to reach an agreement under Rule 50 as to the correct amount of the petitioner's corporate income, declared value excess profits, and excess profits tax liability for any of the taxable years involved.

At a hearing held on January 18, 1950, in Washington, the parties argued their differences and later filed briefs. The respondent now agrees that petitioner is entitled to the benefit of a postwar refund credit in determining its excess profits tax net income for the years 1942 and 1943. There was no excess profits tax deficiency determined by the Commissioner for 1944. In view of respondent's concession, we need not further consider this matter. The second small item involves the disallowance of contributions and, as the correctness of respondent's action could not be determined without the taking of further testimony and as petitioner's counsel has not pressed this matter on brief, we think the adjustment should be left as determined by the Commissioner.

The real point in dispute has to do with the filing of a capital stock tax return after the handing down of our opinion in this cause but before the entry of decision. It is respondent's position that such a filing is not timely.

During the taxable years in question and apparently for several years prior thereto, the petitioner regularly filed partnership information returns. It had been organized in 1938 as a limited partnership under Ohio law and, believing, as it did, that it was taxable as a partnership, there was no logical reason why it should have filed corporate tax returns, including a capital stock tax return. In fact, the filing of such a return would have been diametrically opposed to the

position it consistently maintained, that it was a partnership rather than an association or corporation.

Permitting petitioner to file its capital stock tax returns subsequent to the trial and after opinion clearly would not serve to circumvent any right the respondent might have had to contest the contents of the returns had they been filed prior to or during the trial, for it is clear that the respondent at all times would have been bound by the petitioner's declaration, as illustrated by the following excerpts from the opinion of the Supreme Court in *Haggar Co.* v. *Helvering*, 308 U. S. 389:

> It will be observed that by § 215 (a) and (f) the declared value of capital stock which is made the basis of computation of both taxes is not required to conform either to the actual or to the nominal capital of the taxpaying corporation * * *. The taxpayer is thus left free to declare any value of capital stock for its first taxable year which it may elect * * *. * * * the Commissioner concedes that the amount of the declared value of capital fixed for the first year is a matter of indifference to the Government since the statute leaves the taxpayer free to declare any amount which its fancy may choose and that for any reduction in capital stock tax effected by the declaration of a low value of the capital stock there is an accompanying increase in excess profits taxes. He concedes that if petitioner had filed but a single return on the date of filing the amended return, stating the value of the capital stock as $250,000 instead of $120,000, the Government would have been concluded by the taxpayer's declaration.
>
>    *      *      *      *      *      *      *
>
> * * * Here the purpose of the statute is unmistakable. It is to allow the taxpayer to fix for itself the amount of the taxable base for purposes of computation of the capital stock tax, but with the proviso that the amount thus fixed for the first taxable year shall be accepted, with only such changes as the statute prescribes for the purpose of computing the capital stock and excess profits taxes in later years.

It has already been held that the filing of a capital stock tax return after the issuance of a notice of deficiency and before trial of the cause will be given effect as a declaration of value for the capital stock, *Del Mar Addition* v. *Commissioner*, 113 Fed. (2d) 410; *Jordan Creek Placers*, 43 B. T. A. 131, 137; and in *Wabash Oil & Gas Association*, 6 T. C. 542, 548, we held that the filing of such capital stock tax return would be effective in preserving petitioner's rights where during trial the Court was advised of petitioner's intention to make such filing, and information that such filing had been made was later made a part of the record. Only in cases where the collector, pursuant to section 3612 of the Internal Revenue Code, has seen fit to file a return on behalf of a taxpayer, as is his right, have we held that a late return is not effective. *Second Carey Trust*, 2 T. C. 629.

Petitioner's delay was due entirely to an innocent mistake. If petitioner was to be regarded as a partnership, no capital stock tax return was proper and it was not until this Court promulgated its opinion

that petitioner knew that it was taxable as a corporation. It acted with reasonable promptness after that time in filing its capital stock tax return. The respondent is in no way prejudiced by the delay, and we think the purpose of the statute would be thwarted should we conclude that the late filing of the return was ineffective. Both re-computations as now submitted were filed subsequent to the filing of the capital stock tax return and after the hearing presenting evidence of the late filing. The Commissioner's present recomputation gives effect to the postwar refund credit, the allowance of which was urged by petitioner at the hearing on January 18, 1950, but it does not give effect to the declaration of .value contained in the capital stock tax return or the capital stock tax paid by the petitioner in connection with such return.

In our opinion, the tax and deficiencies for the several years should be recomputed in accordance with the views herein expressed.