**COMMISSIONER OF INTERNAL REVENUE, Petitioner, v. Elder W. MARSHALL, Respondent.**

**COMMISSIONER OF INTERNAL REVENUE, Petitioner, v. Elder W. MARSHALL and Bessie I. Marshall, Respondents.**

Nos. 10295, 10296.

United States Court of Appeals
Third Circuit.

Argued Dec. 21, 1950.

Decided Dec. 29, 1950.

Harry Marselli, Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen.,

Ellis N. Slack, Sp. Asst. to Atty. Gen., on the brief), for appellant.

Norman D. Keller, Pittsburgh, Pa. (W. A. Seifert, Pittsburgh, Pa., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., on the brief), for appellees.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

These are petitions to review decisions of the tax court. The cases involve the construction of Section 107(a) of the Internal Revenue Code, 26 U.S.C.A., and the sole question is whether a newly admitted member of a partnership is entitled to the full benefits of that section with respect to his share of fees received for services rendered by the partnership during a period which began prior to his admission to the firm. We are in accord with the tax court that such a partner is entitled to the full benefits of Section 107(a). The reasons for this conclusion are well stated in the opinion filed by Judge Opper for the tax court in banc, 14 T.C. 90, and we need add nothing to what is there said.

The decisions of the tax court will be affirmed.

---

**Joseph L. KAMOSKY, and Joseph G. Kamosky, a Minor, by Joseph L. Kamosky, Guardian, Appellants, v. OWENS–ILLINOIS GLASS COMPANY.**

No. 10303.

United States Court of Appeals
Third Circuit.

Argued Dec. 22, 1950.

Decided Dec. 29, 1950.

Henry M. Biglan, Scranton, Pa., for appellant.

Charles H. Welles, 3d, Scranton, Pa. (James W. Scanlon, Scranton, Pa., and

Walter W. Harris, of O'Malley, Harris, Harris & Warren, Scranton, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

The plaintiffs have appealed from a judgment entered on a directed verdict for the defendant in a suit for damages for personal injuries suffered by the minor plaintiff when a beer bottle alleged to have been negligently manufactured by the defendant exploded. The trial judge held that the plaintiffs had failed to produce any substantial evidence from which the jury could have found that the bottle in question had been manufactured by the defendant. 89 F.Supp. 561. Our examination of the record satisfies us that the trial judge was right in so holding. The testimony of the expert witness upon which the plaintiffs rely was plainly insufficient to support a finding in their favor on this point. Since the plaintiffs thus failed to connect the defendant with the bottle which caused the injuries the trial judge was right in withdrawing the case from the jury and directing a verdict for the defendant.

The judgment of the district court will be affirmed.