P. C AND ETHEL PETTERSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35873.     Promulgated December 18, 1952.

*Seymour Wells, C. P. A.,* for the petitioners.
*R. G. Harless, Esq.,* for the respondent.

### OPINION.

OPPER, *Judge:* A deficiency for 1947 in addition to tax on account of fraud in the amount of $4,475.32 is the sole controversy. There

is no question as to the existence of fraud and the sole issue is one of law. It is whether the amount of the 50 per cent fraud penalty is to be computed on the original deficiency or on the smaller sum admittedly reduced by a net loss carry-back from a subsequent year.

All of the facts have been stipulated and are hereby found accordingly. Petitioners' returns for 1947 and for 1949, the net-loss year, were filed with the collector for the district of Utah. The computations of the fraud penalty on the conflicting theories presented, as stipulated, are as follows:

*Computation of Deficiency—1947*

| | Before carry-back loss | After carry-back loss |
|---|---|---|
| Net income | $48,169.15 | $34,209.77 |
| *Less* exemptions | 2,500.00 | 2,500.00 |
| *Income subject to normal tax and surtax* | $45,669.15 | $31,709.77 |
| Tentative combined normal tax and surtax | 23,701.79 | 14,280.06 |
| *Less* 5 per cent reduction | 1,185.09 | 714.00 |
| *Total income tax* | 22,516.70 | 13,566.06 |
| Income tax liability per return | 2,076.71 | 2,076.71 |
| *Deficiency* | $20,439.99 | $11,489.35 |
| 50 per cent penalty—Sec. 293 (b), I. R. C. | $10,219.99 | $5,744.67 |

Although the question is novel in the Tax Court, the precise problem was disposed of in *Nick* v. *Dunlap*, an unreported opinion (June 22, 1950) of the District Court for the Northern District of Texas, 1950–5 C. C. H. ¶9436, 1950–4 P. H. ¶73236, which was affirmed (C. A. 5), 185 F. 2d 674, on authority of *Manning* v. *Seeley Tube & Box Co.*, 338 U. S. 561; and certiorari was denied, 341 U. S. 926. That decision held that the original deficiency, undiminished by the subsequent loss carry-back, was the proper base for computing the 50 per cent addition to tax for fraud. Petitioner does not attempt to distinguish the case. On its authority,

*Decision will be entered for the respondent.*