Norman H. Marshall and Helen Marshall v. Commissioner.
Norman H. Marshall v. Commissioner
Docket No. 36334.
United States Tax Court
1953 Tax Ct. Memo LEXIS 193; 12 T.C.M. (CCH) 724; T.C.M. (RIA) 53229; June 29, 1953
*193 E. C. Crouter, Esq., and J. Earl Gardner, Esq., for the Respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined that the petitioners' original income tax return for the year 1944 disclosed a deficiency of $21,040.27, and added the 50 per cent addition thereto for fraud, in the amount of $10,520.14, as provided by section 293 (b) of the Internal Revenue Code. As a result of the filing of amended returns by the petitioners prior to the issuance of the deficiency notice by the Commissioner, and the payment of the tax therein disclosed as due, and as a result of the allowance by the Commissioner of a net operating loss deduction based upon a net operating loss carry-back from the taxable year ended December 31, 1946, the Commissioner determined an over-assessment in the petitioners' income tax for the year 1944 of $1,316.06. The petitioners did not appear at the trial either in person or by counsel. The only question to be decided is whether any part of the deficiency based upon the original return was due to fraud with intent to evade tax within the scope of section 293 (b) of the Internal Revenue Code *194 . Findings of Fact The petitioners are husband and wife and reside in San Gabriel, California. They filed original and amended joint income tax returns for the year 1944 with the collector for the sixth district of California. The petitioners' original 1944 income tax return, filed on March 15, 1945, disclosed a net loss of $4,511.46, comprised of the following items, and no tax due: Item
Amount
Net gain (or loss) from sale or
exchange of capital assets
$ (1,000.00)
Income from partnerships: Harold Beverage Co.
(3,502.09)
Service Food Supply Co.
(9,803.51)
California Fruit Chimes
9,794.14
Total income from above
sources
$ (4,511.46)
The petitioners, on July 15, 1946, filed a first amended joint return for the year 1944 disclosing adjusted gross income of $31,872.66, and a tax due of $14,362.23 which was assessed and paid. The adjusted gross income of $31,872.66 was comprised of the following items: Item
Amount
Profit (or loss) from business
M. & M. Sales Co.
$ 13,814.70
Income from partnerships: California Fruit Chimes
41,478.69
Service Food Supply Co.
(20,378.39)
Harold Beverage Co.
(3,042.34)
Total income from above
sources
$ 31,872.66
*195 The petitioners, on April 28, 1947, filed a second amended joint return for the year 1944 disclosing adjusted gross income of $2,183.26, a tax due of $223, and an overpayment in tax of $14,139.23. The adjusted gross income of $2,183.26 was computed by the petitioners as follows: Item
Amount
Profit (or loss) from business
M. & M. Sales Co.
$ 13,814.70
Income from partnerships (per
amended return)
18,057.96
"Carry-back net loss for 1946"
(29,689.40)
Total income from above
sources
$ 2,183.26
The petitioners, also, filed a claim for refund with the second amended joint return with respect to the overpayment of tax therein disclosed. The petitioners executed consents extending the period for assessment of additional taxes by the Commissioner for the year 1944 until June 30, 1951. The Commissioner, in his notice of deficiency mailed on May 25, 1951, determined that the petitioners' adjusted net income for the year 1944, without regard to a net operating loss deduction, was $41,639.26, and that after allowance of a net operating loss deduction of $11,791.31 and a standard deduction of $500, petitioners' adjusted net income for 1944 was $29,347.95. The *196 Commissioner's determination of the sources and amounts of the petitioners' net income for 1944 is as follows: Source
Amount
Income from business (M. & M.
Sales Co.) unreported
$ 13,617.37
Income from partnerships: Harold Beverage Co.
(3,042.34)
Service Food Supply Co.
(17,225.47)
California Fruit Chimes
48,289.70
Total
$ 41,639.26 The deficiency disclosed by the petitioners' original income tax return for the year 1944, determined without regard to the net operating loss deduction, is $21,040.27. The petitioners' principal source of income was the California Fruit Chimes Company, a co-partnership between the petitioner, Norman Marshall, sometimes hereinafter referred to as the petitioner, and Milo Frank. The partnership was engaged in the business of manufacturing marshmallow topping, candies, and other items made from sugar and glucose. The petitioner was the manager of the partnership and received a salary for his services before any distribution of profits. The partnership books and records were under the control and supervision of the petitioner and his wife. The records of the partnership contained an expense account entitled "sales expense." The *197 total charged to this account for the year 1944 was $33,952.82. Of the total of $33,952.82 charged on the books of the California Fruit Chimes partnership as "sales expense" the sum of $25,579.23 was paid to either the petitioner, his wife, or the M. & M. Sales Co., which was a proprietorship owned and operated by the petitioner. The petitioners or the M. & M. Sales Co., received the sum of $25,579.23 in the following manner: The petitioner would draw a check, usually payable to cash, on the bank account of the California Fruit Chimes partnership, and enter the amount of the check on the books of the partnership as a sales expense or brokerage charge. The partnership records would indicate that the check was paid to a designated food broker. The check was then endorsed by the petitioner and deposited to the credit of the M. & M. Sales Co. The petitioner would then draw a check for a lesser amount on the bank account of the M. & M. Sales Co., payable to the food broker indicated on the records of the California Fruit Chimes partnership, which check would be delivered to the food broker. The difference between the two checks constituted a profit to the petitioner on the transaction. *198 Of the sum of $25,579.23 received by the petitioner, his wife, or the M. & M. Sales Co., in 1944, in the aforementioned manner, the petitioner through the M. & M. Sales Co. paid out a total of $12,155.34 to food brokers, incurred miscellaneous expenses of $80.78, and realized a profit on the transactions of $13,343.11. The profit of $13,343.11 was not reported by the petitioners in their original income tax return for 1944. The petitioner, in addition, realized a profit of $274.26 from the sale of chocolate, which he did not report in the original income tax return for 1944. The petitioners realized, but failed to report in their original income tax return, gross income of $13,617.37 from the aforementioned transactions. The petitioners' original income tax return for the year 1944 was prepared by Ehrman E. Harvey, a public accountant, from figures submitted to him by the petitioner. The original income tax return filed by the petitioners for the year 1944 was false and fraudulent with intent to evade tax. The deficiency, based upon the original return, amounted to $21,040.27. Part of the deficiency in the above amount was due to fraud with intent to evade tax. Opinion
*199 The petitioners have the burden of proof with respect to the amount of the deficiency determined by the respondent based on the original income tax return filed by them for the year 1944. The petitioners did not appear at the trial either in person or by counsel. They have failed to present any evidence whatever in this proceeding. We must, therefore, approve the respondent's determination of the deficiency in tax for failure of proof, and accordingly, it has been found as a fact that on the basis of the original return there is a deficiency in income tax in the amount of $21,040.27. The only issue left for decision is whether any part of the deficiency, based upon the original return, was due to fraud with intent to evade tax within the scope of section 293 (b) of the Code. "This Court has consistently held that the 'total deficiency' for the purpose of computing the 50 per cent additions to tax for fraud under section 293 (b) of the Internal Revenue Code, is the difference between the tax liability and the amount shown on the original return, and that a taxpayer who has filed a fraudulent return may not, by subsequently filing an amended return and paying *200 the tax due, bar the respondent from assessing additions to tax for fraud." George M. Still, Inc., 19 T.C. 1072 (promulgated March 12, 1953), and cases therein cited. Although petitioners have not filed any brief, did not appear, and did not offer any rebuttal or other evidence under the fraud issue, we point out that respondent has the burden of proof under the fraud issue. He presented evidence to the Court, and upon due consideration thereof, we are satisfied that he has established that the petitioners in their original return, knowingly, failed to report all of the income of the M. & M. Sales Co. which they admittedly received. It is held that part of the deficiency is due to fraud with intent to evade tax within the scope of section 293 (b) of the Code. Respondent relies upon Nick v. Dunlap, 185 Fed. (2d) 674, certiorari denied 341 U.S. 926; and P.C. and Ethel Petterson, 19 T.C. 486. Those authorities control the question of the amount of the deficiency which, in this proceeding, is the basis for the addition to the tax. We said in the Petterson case, supra, p. 487, as follows: "* * * the original deficiency, undiminished *201 by the subsequent loss carry-back, was the proper base for computing the 50 per cent addition to tax for fraud. * * *" It is held that the respondent has properly computed the addition to tax in the amount of $10,520.14 on the basis of the original deficiency of $21,040.27. Decision will be entered for the respondent.