**PUSSER v. COMMISSIONER OF INTERNAL REVENUE.**

No. 6589.

United States Court of Appeals Fourth Circuit.

Argued June 10, 1953.

Decided July 15, 1953.

James E. Leppard, Chesterfield, S. C., for petitioner.

Fred E. Youngman, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Sp. Asst. to the Atty. Gen., on brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to review a decision of the Tax Court which redetermined deficiencies in federal income tax against taxpayer for the years 1943–1947 together with negligence penalties assessed in connection therewith. The facts are fully and correctly set forth in detail in the opinion of the Tax Court and need not be repeated here. During the tax years in question, taxpayer was conducting a small retail store in Chesterfield, S. C. and operating a small farm near that town. The books which he kept did not correctly mirror his income; and, upon the suggestion of the revenue agent examining his accounts that he pro-

cure the services of an accountant, he employed one Gregory, who calculated his income for the years in question upon the net worth basis. The revenue agent subsequently adopted to a large extent the net worth statement drawn up by Gregory. Taxpayer later employed other accountants who recommended that he accept the report of the revenue agent. We think it clear from the evidence that the net worth system was properly used in calculating taxpayer's income. The Tax Court gave careful consideration to his various contentions and there is nothing in the record which would justify us in setting aside the findings of that court or in holding that any of them are clearly wrong.

The most serious question presented by the appeal arises in connection with the inventories used in applying the net worth basis. It appears that to the inventories shown by taxpayer's books, which were taken at 50% of value or less, there was added the amount of accounts payable owing by him. This, of course, was no logical method of arriving at the value of the inventories. It appears, however, that it was the method adopted by taxpayer's accountant on the theory that the goods evidenced by the accounts were fresh and salable and that this addition to the inventories, taken at less than true value, would bring them into line with reality. While we do not approve of any such rough method of arriving at the value of the inventoried goods, we are not prepared to say that it was clearly wrong here, in view of the fact that it was adopted by taxpayer's accountant and was probably more favorable to taxpayer than other more correct methods. With respect to this matter the Tax Court said:

"The petitioner had books showing inventories. The Commissioner (aside from other adjustments not placed in issue) in his determination of income under the net worth method used the petitioner's inventories but added amounts which he determined to be the accounts payable. This had been the system used by petitioner's accountant on the theory that there was doubt in his mind about the proper amount of inventories so that he added the current

accounts on the theory that the goods were fresh and salable. The record, we think, fails to demonstrate error in such method. Though the petitioner testified that he took inventory at cost or market, he also testified that he determined what an article was worth by his own knowledge and put down what it was worth to him, that his inventory was at times during the war years worth more and at times worth less than it cost, and that there was a shortage of goods, which tended to make things more valuable. It is also of record that he had stated to the revenue agent that he had a practice of taking inventory at about 50 per cent of value, that his record of inventories was obsolete, and that the cost would probably run around $40,000 or $50,000 for inventory but that the value was not there. Considering all of the evidence, we can not find that it has been shown error on the part of the Commissioner to increase the inventories as shown on the books by adding thereto the amount of accounts payable. The increases resulting are much less than the possibilities indicated by the petitioner's testimony."

Another matter seriously urged is that in 1942 taxpayer borrowed from his wife the sum of $9,369.55; that no part of the principal or interest was paid on this indebtedness during the tax years in question, and that no account thereof was taken in the net worth schedules set up by the commissioner. It is admitted, however, that if the schedules were adjusted to show this indebtedness it would be common to all the tax years involved and would not affect the result.

There is not sufficient merit in the other questions raised to justify discussion. The question raised under 26 U.S.C. § 3631 as to taxpayer's books having been examined in 1943 was not properly presented in the court below and it does not appear, furthermore, that taxpayer raised any objection, under this statute or otherwise, to the later examination of his books by the revenue agent. The negligence penalty was properly imposed as the administrative find-

ing of negligence was amply supported by the evidence. Gouldman v. Com'r, 4 Cir., 165 F.2d 686. We have carefully examined all the other contentions of taxpayer and find no error which would justify us in disturbing the decision of the Tax Court, which will accordingly be affirmed.

Affirmed.