JOHN R. RICTOR AND KAY RICTOR, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55334.   Filed August 8, 1956.

---

*Samuel M. Baker, Esq.*, for the petitioners.
*George J. Rabil, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The Commissioner determined for 1950 an addition to income tax of $696.17 under section 294 (d) (2) of the Internal Revenue Code of 1939, for substantial underestimate of estimated tax and an addition of $1,044.25 under section 294 (d) (1) (A) for failure to file declarations of estimated tax. The facts have been stipulated.

The petitioners have made no showing that their failure to file declarations of estimated tax for 1950 was due to reasonable cause and not to willful neglect. The statute contains no provision excusing an understatement on a showing of reasonable cause.

The petitioners recognize that this Court has consistently upheld the propriety of additions to tax for failure to file a declaration of estimated tax and the concurrent imposition of the addition to tax for a substantial underestimate of estimated tax pursuant to the provisions of the Internal Revenue Code of 1939 (see *G. E. Fuller*, 20 T. C. 308; *Fred N. Acker*, 26 T. C. 107), but urge that that conclusion is erroneous and should be overruled. We will abide by those decisions.

The only remaining issue is whether the percentage additions to tax should be computed on the basis of the amount of the tax correctly reported by the petitioners in their final return for 1950 ($11,602.86) or on the amount of the tax for 1950 as finally computed after application of a net operating loss carryback from 1951 ($7,809.92). The Commissioner does not mention this issue in his brief. Section 294 (d) (1) (A) specifically provides that the additions to the tax for failure to file a declaration of estimated tax are to be computed upon installments of the estimated tax due but unpaid at the times required during the taxable year. Obviously, those amounts are not affected by any carryback to the taxable year from a subsequent year, a factor unknown at the time the installments became due. Neither that section nor section 294 (d) (2) imposing additions to the tax for substantial underestimate of the tax indicates that Congress had any concern whatever with reductions in the ultimate tax for the taxable year by reason of the carryback provisions which have the effect of

reducing the tax for the taxable year by reason of events which might occur in subsequent years. Furthermore, there is no reason to believe that Congress intended that the imposition of these additions would be nullified under any circumstances by unpredictable happenings such as losses, which might occur in later years. The Supreme Court, in *Manning* v. *Sealey Tube & Box Co.*, 338 U. S. 561, held that the computation of interest on deficiencies must be made without reference to any carryback adjustment. It was held in *P. C. Petterson*, 19 T. C. 486, that the original deficiency, rather than a lesser amount computed by reason of a carryback loss from a subsequent year, was the proper base for computing the percentage addition to the tax because a part of the deficiency was due to fraud with intent to evade tax within the meaning of section 293 (b). See also *Auerbach Shoe Co.*, 21 T. C. 191, 196. A similar holding was made relating to the 25 per cent addition to the tax for negligence in *C. V. L. Corporation*, 17 T. C. 812. The rationale of those cases supports the conclusion reached here, that any additions to the tax under sections 294 (d) (1) (A) and 294 (d) (2) are likewise not affected by reason of a diminution of the tax for the taxable year under the carryback provisions.

*Decision will be entered for the respondent.*