BLANTON COAL COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blanton Coal Co. v. Commissioner
Docket No. 18560-81.
United States Tax Court
T.C. Memo 1984-397; 1984 Tax Ct. Memo LEXIS 283; 48 T.C.M. (CCH) 670; T.C.M. (RIA) 84397; July 30, 1984. *283 Corporation failed to file returns and sought to use its net operating loss carrybacks and/or carryback credits to absorb the tax or underpayment and avoid the delinquency or negligence additions to tax. Held, additions to tax are not affected by carrybacks. Prior case law followed. William A. Watson, for the Petitioner. Frederick W. Krieg, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge:* *284 This case was submitted fully stipulated and the stipulation and supplemental stipulation of facts are incorporated by this reference. Blanton Coal Company, Inc. (hereinafter "petitioner"), was located at Harlan, Kentucky, at the time of the filing of its petition. No Federal corporate income tax returns were filed for petitioner for the calendar years 1956 through 1977. The parties have agreed upon the amount of taxable income for each of the taxable years 1956 through 1975 and the amounts of net operating loss carryback deductions and/or carryback credits from 1976 to 1973 and from 1977 to 1974 and 1975. Respondent by a statutory notice of deficiency, dated April 23, 1981, has asserted additions to the tax as follows: Additions to Tax
Taxable Year
Ended
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec. 6655
Dec. 31, 1956
$ 287.32
$ 57.46
Dec. 31, 1957
287.32
57.46
Dec. 31, 1958
287.32
57.46
Dec. 31, 1959
287.32
57.46
Dec. 31, 1960
287.32
57.46
Dec. 31, 1961
287.32
57.46
Dec. 31, 1962
287.32
57.46
Dec. 31, 1963
287.32
57.46
Dec. 31, 1964
210.70
42.14
Dec. 31, 1965
210.70
42.14
Dec. 31, 1966
89.07
17.81
Dec. 31, 1969
144.27
28.85
Dec. 31, 1970
215.96
43.19
Dec. 31, 1971
210.70
42.14
Dec. 31, 1972
438.56
87.71
Dec. 31, 1973
10,351.14
2,070.23
1,073.12
Dec. 31, 1974
17,547.17
3,509.43
1,808.47
Dec. 31, 1975
55,502.59
11,100.52
8,704.43
$87,219.42
$17,443.84
$11,586.02
Petitioner has not contested the additions to tax under section 6655. Additionally, petitioner admits that any underpayment or tax to be shown on a return for the taxable years 1956 through 1966 and 1969 through 1975 was due to negligence or intentional disregard of the rules and regulations under section 6653(a) and failure to file returns was not due to reasonable cause under section 6651(a)(1). The issues remaining for decision are: (1) Whether a net operating loss carryback or an investment tax credit carryback may be used to reduce an underpayment or the tax that would have been shown on a return before application of additions to tax under either section 6653(a) or section 6651(a)(1); and (2) whether there can be an addition to tax under both sections 6651(a)(1) and 6653(a) for the same taxable year. Interrelationship Between Net Operating Loss Carryback and Additions to the Tax
The pertinent portions *285 of sections 6651(a)(1) and 6653(a) provide for additions to tax as follows: SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return * * * on the date prescribed therefor * * * there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * * (b) Penalty Imposed on Net Amount Due.--For purposes of-- (1) subsection (a)(1), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return, * * * SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income, Gift, or Windfall Profit Taxes.-- (1) In general.--If any part of any underpayment * * * is due to negligence or intentional disregard of rules or regulations (but without *286 intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. * * * (c) Definition of Underpayment.--For purposes of this section, the term "underpayment" means-- * * * In the case of a tax to which section 6211 * * * is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any extension of time for such filing), and * * * (d) No Delinquency Penalty if Fraud Assessed.-- If any penalty is assessed under subsection (b) (relating to fraud) for an underpayment of tax which is required to be shown on a return, no penalty under section 6651 (relating to failure to file such return or pay tax) shall be assessed with respect to the same underpayment. Petitioner argues that the predecessor to section 6651 (section 291 of the Internal Revenue Code of 1939) "did not specify that the penalty for failure to file a return would be assessed against the net tax ultimately determined to be due" and in enacting section *287 6651 "on the basis of the net tax due after all credits have been applied," Congress intended to permit reductions of the tax until a return was finally filed. Petitioner finds support for its position in section 6651 and the legislative history underlying the enactment of section 6651. We agree with petitioner's position to the extent the "netting" of the tax is attributable to payments, deductions or credits which were "paid on or before the date prescribed for payment" or which would have been available when a return was due to be filed. We decline to interpret the phrase "tax required to be shown on the return shall be reduced * * * by the amount of any credit against the tax which may be claimed on the return" in section 6651(b)(1) as referring to a return, no matter when filed. To do so would confer a benefit upon those who were the most delinquent in failing to file. We note that petitioner has not advanced the same argument in connection with section 6653(a), since that section and the definition of a "deficiency" contained in section 6211 would not permit the same type of interpolation used in petitioner's argument in connection with section 6651. Moreover, it is difficult *288 for us to understand how petitioner would reconcile the time sensitive nature of this addition to tax with the possibility of eliminating its application by an additional passage of time or the occurrence of an event which was unknown at the time a return was due. In considering a similar issue concerning whether a tax deficiency, reduced by a net operating loss carryback, would bear interest, the Supreme Court explained: To sustain [taxpayer's] contention would be to place a premium on failure to conform diligently with the law. For then a taxpayer who did not pay his taxes on time would receive the full use of the tax funds for the intervening period, while the taxpayer who did obey the statutory mandate and pay his lawful taxes promptly would be prohibited by § 3771(e) from having the use of the money for that period. We cannot approve such a result.[Manning v. Seeley Tube & Box Co. of New Jersey,338 U.S. 561, 568 (1950).] The basic principle to be found in prior case law would permit reduction for carryforward loss deductions and credits, but prohibit carryback loss deductions and credits, when computing additions to tax. This Court refused to permit "carryback reductions" *289 in cases involving the computation of civil fraud, negligence and delinquency additions under the Internal Revenue Code of 1939. C.V.L. Corp. v. Commissioner,17 T.C. 812 (1951); Auerbach Shoe Co. v. Commissioner,21 T.C. 191 (1953), affd. 216 F.2d 693 (1st Cir. 1954); Rictor v. Commissioner,26 T.C. 913 (1956); Pusser v. Commissioner, a Memorandum Opinion of this Court dated Dec. 7, 1951, affd. 206 F.2d 68 (4th Cir. 1953). We applied the same principle to a 1954 Code case concerning a net operating loss carryback and a late filing addition to tax under section 6651(a). Texas Mobile Home Association v. Commissioner,T.C. Memo. 1962-95, revd. on another issue 324 F.2d 691 (5th Cir. 1963). In a criminal tax fraud case, a net operating loss carryback did not mitigate the "fraud" by reduction or elimination of the deficiency in the "fraudulent" tax year. United States v. Keltner,675 F.2d 602 (4th Cir. 1982), cert. denied 459 U.S. 832 (1982). Since 1953 the Commissioner has publicly expressed the position that additions to tax (negligence, delinquency and civil fraud) may not be eliminated or refunded based upon net operating loss carrybacks. See Rev. Rul. 173, 1953-2 C.B. 227; Rev. Rul. 55-29, 1955-1 C.B. 413; *290 and Rev. Rul. 72-484, 1972-2 C.B. 638. See also Rev. Rul. 84-106, I.R.B. 29 (July 16, 1984). We cannot find any significance to the manner in which the carryback item is generated, i.e., operating loss or credit. Further, no cases have been advanced which would, by analogy or otherwise, lend support to petitioner's carryback position. In view of the foregoing, we must find for the respondent on this issue. Application of Negligence and Delinquency Additions to Tax for Same Taxable Year
Since we have determined that the carrybacks do not eliminate the additions to tax, we must address petitioner's "fall-back" position. In this fully stipulated case, the petitioner argued a new legal theory in its opening brief. Petitioner argues that the addition to tax provided by section 6653(a), for negligence, may not be asserted in addition to the section 6651(a) addition for failure to file returns for the same tax years. There is no need to consider whether the new legal theory was timely or fairly raised, since the respondent, in his brief in answer, has not claimed surprise, disadvantage or prejudice and, further, acknowledged that this situation fits within our holding under similar *291 facts in Orlando Three Inc. v. Commissioner,T.C. Memo. 1983-79. Petitioner advances that its failure to file is not an "underpayment," but is a "non-payment" and thereby does not come within the precise term used in section 6653(a). Petitioner has found some distinction between the use of "deficiency" in the 1939 Code and "underpayment" in the 1954 Code successor section for the addition to tax for negligence, but we do not perceive the nexus of the relationship between any such historical distinction and the current relationship between sections 6651 and 6653 or their purported mutual exclusiveness. This Court thoroughly considered this issue in Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601 (1961), affd. 302 F.2d 42 (10th Cir. 1962), and cases cited therein for the predecessor section of the 1939 Code and held that the negligence addition may be assessed in addition to the delinquency addition. This holding was adopted for sections 6651(a) and 6653(a) specifically in Thompson v. Commissioner,78 T.C. 558 (1982); Bagur v. Commissioner,66 T.C. 817 (1976), remanded on another issue 603 F.2d 491 (5th Cir. 1979). See also Ramos v. Commissioner,T.C. Memo. 1981-473. Further, *292 legislative intent to prohibit the assertion of two specific additions to tax in the same taxable year has been expressed in some addition to tax sections and not others through numerous revisions and reenactments of the "Code." See sections 6653(b)(3) and 6653(d) and compare with section 293(a) of the Internal Revenue Code of 1939. Petitioner has not advanced any convincing statutory or case support for its position. Further, factually, petitioner's concession of the additions to tax under both sections 6651(a) and 6653(a) leaves it unable to argue that it may have failed to file but did not do so because of negligence or intentional disregard of the rules and regulations. We have considered other arguments made and authorities cited by each party and find them inapplicable or cumulative to the foregoing opinion. Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned from Judge Herbert L. Chabot to Judge Joel Gerber↩ for disposition. 1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and appropriate to each taxable year involved herein.↩