**UNION PAC. R. CO. v. BOWERS, Collector of Internal Revenue.**

Circuit Court of Appeals, Second Circuit.
March 12, 1928.

No. 208.

Internal revenue ☞27(1)—Corporation voluntarily paying additional tax pursuant to amended return held liable for interest on such amount (Revenue Act 1921, § 250[b]; Comp. St. § 6336⅛tt).

Under Revenue Act 1921, § 250(b), being Comp. St. § 6336⅛tt, corporation voluntarily paying additional tax pursuant to amended return *held* liable for interest on additional tax, though amended return was filed and additional payment made before examination and audit of returns by Commissioner.

Swan, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Union Pacific Railroad Company against Frank K. Bowers, Collector of Internal Revenue, to recover interest alleged to have been unlawfully assessed against it on its income tax return for the year 1922, amounting to $44,475.32, and to have been paid by it under protest and duress. Judgment for defendant, dismissing complaint for failure to state facts constituting a cause of action (21 F.[2d] 856), and plaintiff brings error. Affirmed.

The plaintiff, Union Pacific Railroad Company, filed a federal income tax return for the calendar year 1922 and paid the tax shown to be due on the face of the return. Thereafter, on May 13, 1925, the railroad filed with the collector an amended return for the same year, which showed a tax liability of $413,724, in addition to that shown in the original return. The amended return was filed voluntarily, and its sole effect was to eliminate a certain deduction claimed in the original return, and in consequence to increase the tax liability of the railroad for the year 1922 by $413,724. Thereupon the railroad paid to the collector the additional tax, but paid no interest thereon. Thereafter the collector notified the railroad that an assessment had been made against it of interest upon the additional tax in the sum of $44,475.32, and served a demand for the payment of the said interest, which was accordingly paid under protest and duress to the collector. The payment of the additional tax of $413,724 was made voluntarily, and no assessment thereof (except interest thereon) was ever made. Contemporaneously with the payment of interest, plaintiff filed a claim with the Commissioner for a refund, which was rejected by him on the following ground:

"In accordance with section 250 (b) interest is collectible on any deficiency in tax on returns filed under the provisions of the Revenue Act of 1921, whether or not such deficiency is discovered by the taxpayer and amended return voluntarily filed and the tax voluntarily paid or as a result of the examination of the returns by this office."

At the time of payment of the additional tax the Commissioner had made no examination of either the original return or the amended return. No part of the interest so paid under duress was refunded, and the railroad brought this action accordingly, on the ground that the assessment and collection of the interest were unauthorized by law. Judge Goddard held that the interest was properly assessed against the railroad, and dismissed its complaint to recover it accordingly.

The question whether interest should have been assessed in this case depends upon the proper interpretation of section 250 (b) of the Revenue Act of 1921 (Comp. St. § 6336⅛tt). The pertinent provisions of that section are the following:

"(b) As soon as practicable after the return is filed, the Commissioner shall examine it. If it then appears that the correct amount of the tax is greater or less than that shown in the return, the installments shall be recomputed. If the amount already paid exceeds that which should have been paid on the basis of the installments as recomputed, the excess so paid shall be credited against the subsequent installments; and if the amount already paid exceeds the correct amount of the tax, the excess shall be credited or refunded to the taxpayer in accordance with the provisions of section 252.

"If the amount already paid is less than that which should have been paid, the difference, to the extent not covered by any credits due to the taxpayer under section 252 (hereinafter called 'deficiency'), together with interest thereon at the rate of one-half of 1 per centum per month from the time the tax was due (or, if paid on the installment basis, on the deficiency of each installment from the time the installment was due), shall be paid upon notice and demand by the collector. If any part of the deficiency is due to negligence or intentional disregard of authorized rules and regulations with knowledge thereof, but without intent to defraud, there shall be added as part of the tax 5 per centum of the total amount of the deficiency in the tax, and interest in such a case shall be collected at the rate of 1 per centum per month on the amount of such deficiency in the tax from the time it was due (or, if paid on the installment basis, on the amount of the deficiency in each installment from the time the installment was due), which penalty and interest shall become due and payable upon notice and demand by the collector. If any part of the deficiency is due to fraud with intent to evade tax, then, in lieu of the penalty provided by section 3176 of the Revised Statutes, as amended, for false or fraudulent returns wilfully made, but in addition to other penalties provided by law for false or fraudulent returns, there shall be added as part of the tax 50 per centum of the total amount of the deficiency in the tax. In such case the whole amount of the tax unpaid, including the penalty so added, shall become due and payable upon notice and demand by the collector."

Clark, Carr & Ellis, of New York City (Henry W. Clark, of New York City, of counsel), for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). There is little, if anything, to be added to the opinion of the court below. The plaintiff contends that the statute only contemplated interest upon a deficiency of income tax payments which existed at the time of the examination and audit of the returns by the Commissioner, and says that at the time of such examination the tax had been paid in full, so that there was no deficiency, and could, therefore, be no interest due.

The language of the section applicable is:

"As soon as practicable after the return is filed, the Commissioner shall examine it. If it then appears that the * * * tax is greater or less than that shown in the return, the installments shall be recomputed. * * * If the amount already paid is less than that which should have been paid, the difference * * * (hereinafter called 'deficiency'), together with interest thereon at the rate of one-half of 1 per centum per month from the time the tax was due * * * shall be paid upon notice and demand by the collector." (Comp. St. § 6336⅛tt).

"If it then appears" means appears at the time when the Commissioner makes his examination, but it does not follow that the Commissioner has a right to make his recomputation upon the basis of an amended return filed to correct mistakes. The original return alone has any statutory recognition, and that still showed a "deficiency" of $413,-724, in view of the information available at the time the Commissioner made the assessment of $44,475.32, interest due in September, 1925.

It is true that there had meanwhile been a voluntary payment of the sum of $413,724 on June 10, 1925, and the filing of an amended return under the approved practice of the department, and that this payment wiped out the principal of the tax. But it had nothing to do with the basis of the assessment, and was only a credit pro tanto by payment on account of the deficiency which stopped interest running. There is no reason to suppose that the collector could not have refused to receive it, in order to continue interest running upon the deficiency until the Commissioner made his assessment.

That the right to claim large sums of interest covering long periods of time, when the government was not paid its lawful taxes, should depend on a rejection of payments of deficiencies in taxes by willing taxpayers, with all the attendant risks of change of heart, insolvency, or death of the debtor, seems incredible. Nor is an interpretation of the section reasonable which would enable a taxpayer, the incorrectness of whose return is first disclosed to him by a government inspection, to pay his deficiency at the eleventh hour and thus deprive the government of interest, by coming out ahead in a race with the Commissioner. There would be a great temptation to hold back in all doubtful cases, and make voluntary payments at the last minute, in order to avoid paying interest.

It is no answer to the foregoing to say that, under the Revenue Acts prior to 1921, the interest ran upon a deficiency only from the date of assessment notice and demand by the collector, and that such was the settled practice of the department. Kentucky Jockey Club v. Lucas (D. C.) 14 F.(2d) 339. The act of 1918 (40 Stat. 1057), like the act of 1921, and unlike the former acts, made the taxpayer's computation of the tax sufficient notice of the amount, and the instructions printed on the return sufficient demand for payment. But none of the prior acts contained any provision for interest upon a deficiency, even when discovered by a bureau audit, unless, as was not the case here, the deficiency was due to negligence. The act of 1921 was the first to provide that interest should run on deficiencies prior to the date of assessment and demand. It requires interest here, unless the recomputation is to be based on the amended return, which we think is not the case.

The section says that the "deficiency" on which interest is to run is to be the difference between "the amount already paid" and "that which should have been paid." This phrase, "already paid," the plaintiff seizes upon in its favor. However, the "amount already paid" must be referred to the amount paid on the return, the only return recognized anywhere in the statute. If the plaintiff be right, a payment made without any return whatever must be accepted, and would stop all interest meanwhile. The amended return can of itself not change the situation. Thus a taxpayer would be given an easy way of circumventing the statute and escaping the equal burden of taxation.

Judgment affirmed.

SWAN, Circuit Judge (dissenting). I recognize that the result of the majority opinion is probably a desirable one, and very likely one which the legislators would have provided for, had the specific matter been within their contemplation. But I find great difficulty in bringing the interest assessment within the language of their enact-

ment. Tax laws are to be strictly construed, and what is not expressed is not included. Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211.

The majority opinion seems to me to disregard the sentence: "If the amount already paid is less than that which should have been paid, the difference * * * (hereinafter called 'deficiency') together with interest thereon * * * shall be paid upon notice and demand by the collector." The amount "already paid" clearly seems to refer in point of time to the time when the Commissioner makes his examination, and the "deficiency" which bears interest is the difference between the principal sum which should have been paid and the amount already paid. It is implicit that deficiency and interest shall be demanded and paid together. The sum paid at the time of filing the amended return should, it seems to me, be included in figuring "the amount already paid" at the time of the Commissioner's examination. Even though the statute is silent on the subject of amended returns, the practice of the department to require amended returns in certain cases and to accept them to correct errors in any case has existed from the beginning. This is a reasonable practice and, in my opinion, is within the rule-making power of the Commissioner. I am unable to agree that payments made upon amended returns should be disregarded in figuring "the deficiency" which is to bear interest.

In exceptional circumstances, as in the case of railroads receiving federal control compensation from the government, a taxpayer whose books are kept upon an accrual basis may be absolutely unable to state his income accurately in his original return. An amended return and payment of the additional tax which it discloses is the best he can do. To require him to pay interest on a sum which it was impossible for him to include in his original return is a harsh interpretation of the statute, and scarcely consonant with the theory of section 250 (e), being Comp. St. § 6336⅛tt, that the taxpayer's own computation is to f'x the amount then payable and the instructions on the return are to be deemed a demand for its payment. Moreover, Congress has imposed no interest in cases where no return whatever is filed, and no penalty if the failure was excusable. R. S. 3176 (26 USCA §§ 97, 98; Comp. St. § 5899). It cannot be said, therefore, that, in every case where the proper tax was not paid on its due date, Congress intended interest to be charged.

It is said that the construction for which I have argued leaves the question of interest dependent upon a race between the Commissioner and taxpayer as to who shall first discover the mistake in the original return. This is true, and is perhaps indefensible as a policy of legislation, although it may be said to give the taxpayer an incentive to correct mistakes voluntarily by an amended return. But the question is not one of legislative policy, but of statutory construction. With much diffidence and certain lingering doubts, I am compelled to differ with my colleagues' interpretation of the statute.