IRA GOLDRING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JESSICA GOLDRING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 35098, 35144. Promulgated April 16, 1953.

*Richard L. Rykoff, Esq.*, for the petitioners.
*Edward H. Boyle, Esq.*, for the respondent.

OPINION.

BRUCE, *Judge:* The sole question is whether the assessment and collection of the deficiencies asserted by respondent for the year 1945

are barred by the statute of limitations, section 275, Internal Revenue Code. There is no contest between the parties on the correctness of the deficiencies. Section 275 provides in part as follows:

SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION.

Except as provided in section 276—

(a) GENERAL RULE.—The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

\* \* \* \* \* \* \*

(c) OMISSION FROM GROSS INCOME.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed.

The parties agree that with respect to petitioners' original returns there was an omission from gross income within the terms of section 275 (c). Petitioners contend, however, that the amended returns filed some 15 months after the statutory date of filing [2] relate back to the original returns both as to time and as to their effect in correcting any original inadequacies in the original returns. Thus they argue that by eliminating an understatement in gross income of 25 per cent or more by means of such amended returns, subsection (c) is no longer applicable and the bar of subsection (a) applies. We are unable to agree with this contention.

There is no statutory provision for an amended return, and the acceptance or rejection thereof is solely within the discretion of the Commissioner. *Kunkel & Co.*, 3 B. T. A. 133; *Keeler* v. *Commissioner*, 180 F. 2d 707, affirming 12 T. C. 713. The word "return" has been construed in numerous cases to include only the original return. *National Refining Co. of Ohio*, 1 B. T. A. 236; *E. L. Harris,* 5 B. T. A. 1026; *Union Pacific R. Co.* v. *Bowers*, 24 F. 2d 788; *Zellerbach* v. *Helvering*, 293 U. S. 172; *Shire* v. *McGowan*, (W. D. N. Y. May 25, 1939) 24 AFTR 1256; *Riley Investment Co.* v. *Commissioner*, 311 U. S. 55; *Alexander C. Howe*, 44 B. T. A. 894.

---

[2] Section 53, Internal Revenue Code, provides:

SEC. 53. TIME AND PLACE FOR FILING RETURNS.

(a) TIME FOR FILING.—

(1) GENERAL RULE.—Returns made on the basis of the calendar year shall be made on or before the 15th day of March following the close of the calendar year. Returns made on the basis of a fiscal year shall be made on or before the 15th day of the third month following the close of the fiscal year.

(2) EXTENSION OF TIME.—The Commissioner may grant a reasonable extension of time for filing returns, under such rules and regulations as he shall prescribe with the approval of the Secretary. Except in the case of taxpayers who are abroad, no such extension shall be for more than 6 months.

In *National Refining Co. of Ohio, supra,* the Board of Tax Appeals, in construing the phrase "five years after the return was filed" in a prior revenue act, stated:

Sections 250 (d) of the act of 1921 and 277 (a) (2) of the act of 1924 provide that the limitation shall operate "five years after *the return* was filed." The phrase *the return* has a definite article and a singular subject; therefore, it can only mean one return, and that *the return* contemplated by the act under which it was filed. The Revenue Acts of 1916 and 1917 provided for the time and place of filing returns in identical language (Sec. 13 (b) (1)) and specified:

*The return* shall be made to the collector of the district in which is located the principal office of the corporation, company, or association, where are kept its books of account and other data from which *the return* is prepared. * * * (Italics ours.)

Again we find a definite article and a definite subject described, viz, *the return.* The language of the sections referred to does not describe *any return* or *many returns,* but one special return which is to be filed in one special place at or within a specified time.

It has been held that the statute of limitations starts to run in connection with the filing of the original return and its running cannot in any way be affected or suspended by the later filing of amended returns. *Belle R. Weaver,* 4 B. T. A. 15; *Estelle B. Sargent,* 22 B. T. A. 1270; *Anna M. B. Foster,* 45 B. T. A. 126, affd. 131 F. 2d 405; *E. S. Heller,* 10 B. T. A. 53. Accord: *Isaac Goldman Co.* v. *Burnet,* 51 F. 2d 427; *Florsheim Bros.* v. *United States,* 280 U. S. 453; Mertens, Law of Federal Income Taxation, Vol. 10, c. 57, secs. 57.15, 57.37.

In *Union Pacific R. Co.* v. *Bowers, supra,* the court stated that the voluntary filing of an amended return and payment of the tax shown thereon "had nothing to do with the basis of the assessment and was only a credit pro tanto by payment on account of the deficiency which stopped interest running."

Petitioners herein filed their amended returns more than a year after the due date. There is no suggestion that any extension was granted, and in any event the amended returns were filed long after the time amended returns might have been permitted. Cf. *Commissioner* v. *Titus Oil & Investment Co.,* 132 F. 2d 969, reversing 42 B. T. A. 1134; *L. & C. Mayers Co.,* 45 B. T. A. 528; *Second Carey Trust,* 2 T. C. 629; *Venetian Shortway, Inc.,* 4 T. C. 244; *Scaife Co.* v. *Commissioner,* 314 U. S. 459. Had they been filed seasonably, the amended returns might have been treated as parts of the original returns. *Haggar Co.* v. *Helvering,* 308 U. S. 389. But to permit petitioners to file amended returns out of time and relate them back to the original returns so as to correct partially the omission therein would be in effect to nullify section 275 (c) and to extend the time of filing beyond the time prescribed in the Code. No such time limitation would have statutory sanction. To extend the time beyond the

limitations prescribed in the statute is a legislative, not a judicial function. Cf. *Riley Investment Co.* v. *Commissioner*, *supra*.[3]

Moreover, practical considerations support this position. If petitioners' view were correct, a taxpayer could use hindsight by filing an original return containing a 25 per cent understatement of gross income and then, after investigation was made, restrict the assessment period to 3 years merely by the subsequent filing of an amended return and the reduction of the understatement to something less than 25 per cent; and this could be done even after the close of the 3-year period. Analogously, in *George M. Still, Inc.*, 19 T. C. 1072, this Court held, following *Herbert Eck*, 16 T. C. 511 (on appeal C. A. 2), that the subsequent filing of an amended return and payment of the tax shown therein did not deprive the Commissioner of the right to assert the so-called fraud penalty. In its opinion the Court stated:

This Court has consistently held that the "total deficiency" for the purpose of computing the 50 per cent additions to tax for fraud under Section 293 (b) of the Internal Revenue Code, is the difference between the tax liability and the amount shown on the original return, and that a taxpayer who has filed a fraudulent return may not, by subsequently filing an amended return and paying the tax due, bar the respondent from assessing additions to tax for fraud. *Herbert Eck*, 16 T. C. 511; *Harry Sherin*, 13 T. C. 221; *Aaron Hirschman*, 12 T. C. 1223; *Maitland A. Wilson*, 7 T. C. 395; *Thomas J. McLaughlin*, 29 B. T. A. 247. Cf. *P. C. Petterson*, 19 T. C. 486; *Nick* v. *Dunlap*, 185 F. 2d 674 (C. A. 5).

Any other result would make sport of the so-called fraud penalty. A taxpayer who had filed a fraudulent return would merely take his chances that the fraud would not be investigated or discovered, and then, if an investigation were made, would simply pay the tax which he owed anyhow and thereby nullify the fraud penalty. We think Congress has provided no such magic formula to avoid the civil consequences of fraud. * * *

*A fortiori*, in the instant case where no penalty is sought but merely the collection of taxes otherwise due, the petitioners cannot avoid assessment and collection of such taxes by partially correcting their returns after the date of filing so as to bring themselves out from under the terms of section 275 (c).

We hold that the 5-year limitation provided by section 275 (c) started to run upon the filing of the original returns and was not tolled by the filing of the amended returns.

Other matters and deficiencies for other taxable years set forth in the notices of deficiency have been settled by stipulation of the parties.

*Decisions will be entered under Rule 50.*

---

[3] There are to be distinguished those cases adverted to in the opinion in the *Riley* case where the Treasury has provided for correction of certain errors or miscalculations in the original returns. Such an example is Regulations 111, section 29.43–2, providing for the filing of amended returns for the purpose of deducting losses which were sustained during a prior taxable year.