Gaines Williamson and Edith Williamson (Husband and Wife) v. Commissioner.
Williamson v. Commissioner
Docket No. 40558.
United States Tax Court
T.C. Memo 1955-131; 1955 Tax Ct. Memo LEXIS 208; 14 T.C.M. (CCH) 487; T.C.M. (RIA) 55131; May 23, 1955
*208 Held: The deficiency asserted for 1948 is sustained. 2. Held: The deficiency asserted for 1947 is sustained. 3. Held: Petitioners understated taxable net income for 1945 with intent to evade tax and are liable for the deficiency and addition to tax imposed therefor. 4. Held further: Respondent failed to prove that the deficiencies asserted for 1946 and 1947 were due to fraud with intent to evade tax and the additions to tax provided by Section 293(b), Internal Revenue Code of 1939, are accordingly not sustained as to either of these years. 5. Held: The deficiency determined for 1946 is barred by the statute of limitations. Chat Chancellor, Esq., McClure Building, Frankfort, Ky., for the petitioners. Charles R. Hembree, Esq., for the respondent. BRUCE Memorandum Findings of *209 Fact and Opinion BRUCE, Judge: Respondent determined deficiencies in income tax and additions to tax because of fraud in the following amounts: 50% addition
Year
Deficiency
to tax
1945
$ 1,895.44
$ 968.22 *
1946
17,428.54
8,714.27
1947
5,851.69
2,925.85
1948
2,693.98
A jeopardy assessment of the deficiencies was made by respondent. Petitioners assigned error with respect to the deficiencies determined by respondent for each of the taxable years involved, and, by amended *210 petition, pleaded the statute of limitations with respect to the years 1945 to 1947, inclusive. Neither of the petitioners appeared at the hearing and no evidence was offered in their behalf. Respondent moved for judgment in the amount of the deficiencies. This motion was taken under consideration by the Court pending proof by respondent that the deficiencies for 1945, 1946, and 1947 are not barred by limitations. The issues presented are (1) whether any part of the deficiencies determined by respondent for each of the years 1945, 1946, and 1947 was due to fraud with intent to evade tax so as to invoke the provisions of section 293(b) of the Internal Revenue Code of 1939, and (2) whether the deficiencies determined by respondent for the years 1945, 1946, and 1947 are barred by the statute of limitations. Findings of Fact The petitioners were husband and wife during the years 1945 through 1948. The income tax returns for the years involved were filed with the then collector of internal revenue for the district of Kentucky. The amounts of net income reported by petitioner, Gaines Williamson, on his individual income tax return for the years 1945 to 1947, inclusive, and the amounts *211 of net income as determined by respondent for said years are as follows: Net income
Net income
determined
Year
reported
by respondent
1945
$ 1,489.00 *
$ 9,140.72
1946
12,595.54
44,859.88
1947
16,493.20
28,087.73
Beginning in October 1945, and continuing throughout the years involved, petitioner Gaines Williamson (hereinafter referred to as petitioner), was a partner having a fifty per cent interest in the Manhattan Grill (hereinafter sometimes referred to as the partnership), located in Middlesboro, Kentucky. During the taxable years involved, the partnership had income from the sales of alcoholic beverages, from slot machines, and from tip boards. No partnership return was filed by the partnership for the year 1945. Neither petitioner nor the partnership maintained books of account for the years involved, and the only records submitted to the internal revenue agents consisted of invoices of the partnership; some, but not all, of the bank statements, check book stubs and cancelled checks; and one large columnar work sheet covering only the year 1946, which was used in preparing the 1946 partnership return and *212 which listed in summary form items of cash expenditures. The partnership did not have a record of withdrawals by the partners, a detailed record of receipts or inventories taken, a ledger showing asset accounts, or inventory ledger cards. Neither petitioner nor the partnership maintained adequate records from which the income reported on the returns of the petitioner and the partnership could be verified, or from which the summary figures listed on the accounting sheet covering the year 1946 could be verified. The original individual income tax return filed by petitioner for the calendar year 1945 reported total income in the amount of $1,489.00 and the source of such income as "self". His occupation was stated thereon as "Business (merchant)". On June 14, 1950, after respondent started his investigation of petitioner's tax liability for the years involved, petitioner filed an additional return, dated "5/12/50", covering the period "beginning Oct. 12, 1945, and ending Jan. 1, 1946", and disclosing income from "Ed Clark (deceased)" in the amount of $800.00 and from the partnership "Manhattan Grill" in the amount of $1,292.42, or a total of $2,092.42. In the absence of a partnership *213 return for the year 1945 and adequate records maintained by the petitioner or the partnership, respondent used the net worth plus personal expenditures method in determining petitioner's corrected income for the year 1945. Petitioner's taxable net income for 1945 based on his net worth plus personal expenditures is as follows: 1/1/45
12/31/45
ASSETS: Commercial Bank
$ 12.49
$ 55.41
U.S. Government "E" Bonds
1,000.00
1,000.00
Mining Equipment
1,300.00
1,300.00
Manhattan Grill
5,761.68
Oldsmobile
750.00
750.00
Packard
1,100.00
1,100.00
Total
$4,162.49
$9,967.09
LIABILITIES: Reserve for Depreciation, Mining Equip-
ment
$ 130.00
$ 260.00
Net Worth
$4,032.49
$9,707.09
4,032.49
Increase in Net Worth
$5,674.60
Personal Expenditures: Federal income tax payments
21.70
Life Insurance Premiums
111.40
Living Expense Estimate
3,000.00
Political Contributions
200.00
Taxable Net Income
$9,007.70
The net worth of the Manhattan Grill on December 31, 1945, is as follows: 1/1/45
12/31/45
ASSETS: Cash on Hand
$ 1,000.00
Commercial Bank
1,298.04
Inventory
6,221.36
Equipment: Two Beer Coolers
$ 926.00
Three Beer Coolers
545.00
Fixtures
3,850.00
5,321.00
Total Assets
$13,840.40
LIABILITIES: Scruggs Equipment Co.
$2,051.00
Reserve for Depreciation
266.05
Total Liabilities
2,317.05
Net Worth
$11,523.35
*214 The item "Manhattan Grill" listed as an asset of petitioner on December 31, 1945, represented a one-half interest in the net worth of the partnership. All other items listed as assets of petitioner were either supplied by or agreed to by petitioner, except the item listed as "Commercial Bank", which was obtained from the bank's records, and the item "Mining Equipment" which was obtained from the county chattel mortgage records. All items of personal expenditures of petitioner, except "Federal income tax payments" were also supplied by or agreed to by petitioner. In the net worth statement of the partnership for 1945, the asset items of "Inventory" and "Equipment" were obtained from the partnership returns for 1946. The "Cash on hand" item was an estimate and the "Commercial Bank" item was obtained from the partnership's check stub book. Items listed as liabilities were derived or computed from information obtained from the county records. A part of the deficiency for the taxable year 1945 is due to fraud with intent to evade tax. For the years 1946 and 1947, the additional income attributed to petitioner in respondent's determination, except for $356.80 in the year 1947, represents *215 increase in petitioner's distributable share of the partnership income as determined by respondent for said years. For the years 1946 and 1947, the partnership filed returns in which it reported gross receipts "from business or profession" exclusive of receipts from slot machines and tip boards, in the respective amounts of $351,000.42 and $291,749.48, and net income, exclusive of income from slot machines and tip boards, in the respective amounts of ($2,443.71) and $6,223.32. October 16, 1945 was given as the date of organization of the partnership on the 1946 return. Due to the lack of adequate books and records from which the income reported by the partnership for 1946 and 1947 could be verified, respondent, in his determination of the income of the partnership for said years, increased gross profits by applying a percentage of gross sales mark-up. The percentage used was 27 per cent, which was the same as the percentage computed from the figures reported on the partnership return for 1948. During the years involved a state law required a minimum mark-up of 10 per cent on the sale of liquor by the case and 33 1/3 per cent on the sale of packaged liquor, based on the cost of *216 the merchandise, exclusive of certain federal taxes. It prohibited the purchase of liquor on credit. The gross income reported by petitioner on his individual income tax returns for the years 1945 to 1947, inclusive, and the amounts determined by respondent to have been omitted from the returns, are as follows: Determined
to have
Year
Reported
been omitted
1945
$ 1,489.00
$ 7,651.72
1946
13,748.40
32,264.34
1947
18,348.68
11,594.53
The individual income tax returns of the petitioner for the years 1945, 1946, and 1947 were filed on or before March 15, 1946, March 15, 1947, and March 15, 1948, respectively. On or about February 12, 1951, petitioners and respondent entered into and executed written agreements whereby the time for assessing the taxes due from the petitioners for the respective years 1945 and 1947 was extended to any time on or before June 30, 1952. The statutory notice of deficiencies for the years involved was mailed on February 5, 1952. Opinion Neither of the petitioners appeared at the hearing and no evidence was offered in their behalf. The burden of proof being upon petitioners with respect to the deficiencies (exclusive *217 of the additions to tax) the motion of the respondent for judgment in the amount of such deficiencies is sustained. The only questions left for determination are whether any part of the deficiencies for each of the years 1945, 1946, and 1947 is due to fraud with intent to evade tax, and, whether the assessment and collection of the deficiencies for such years is barred by limitations. The applicable statutes are set forth in the margin. [1]
*218 No additions to tax having been asserted with respect to the year 1948, and the notice of deficiency having been mailed within the three-year period allowed by section 275(a) of the Internal Revenue Code of 1939, no further question is presented as to petitioners' liability for the deficiencies determined for 1948. It may likewise be pointed out at this time that the assessment and collection of the deficiency in tax (exclusive of the additions to tax) for the year 1947 is not barred by limitations in view of the waiver, executed prior to the expiration of the time prescribed by section 275(a), extending the time for assessment to June 30, 1952, and the mailing of the notice of deficiency on February 5, 1952. Section 276(b), Internal Revenue Code of 1939. Petitioners on brief have conceded that the deficiencies for 1947 and 1948 are not barred by limitations and, therefore must be sustained. We accordingly proceed to determine the question of fraud as to the years 1945, 1946, and 1947, and the question of limitations as to the years 1945 and 1946. The burden of proof with respect to both these questions is upon the respondent and fraud is required to be established by clear and convincing *219 evidence. Henry S. Kerbaugh, 29 B.T.A. 1014, 1016; Joseph V. Moriarty, 18 T.C. 327, affd. 208 Fed. (2d) 43; C. A. Reis, 1 T.C. 9. We first consider the year 1945. Our finding that a part of the deficiency for the year 1945 is due to fraud with intent to evade tax is clearly supported by the evidence. In his original return filed for the year 1945, the petitioner reported total income in the amount of $1,489.00. On June 14, 1950, after the investigation of petitioner's tax liability for the years involved was begun, he filed a return covering the period "beginning October 12, 1945, and ending January 1, 1946," disclosing income from "Ed Clark (deceased)" in the amount of $800.00 and from the partnership "Manhattan Grill" in the amount of $1,292.00, or a total income not previously reported of $2,092.42. The filing of the second return more than four years after the statutory date of filing did not relate back to the original return either as to time or as to its effect in correcting any original inadequacies in the original return. Ira Goldring, 20 T.C. 79; George M. Still, Inc., 19 T.C. 1072, affd. 218 Fed. (2d) 639; *220 Herbert Eck, 16 T.C. 511, affd. 202 Fed. (2d) 750, certiorari denied 346 U.S. 822. Petitioner has offered no evidence in explanation of the failure to include the income received from "Ed Clark" and the "Manhattan Grill" in his original return, and as it is inconceivable that he was not aware that this was taxable income, we hold that the failure to report such income in his original return was due to fraud with intent to evade tax and consequently that petitioners are liable for the addition to tax imposed by the provisions of section 293(b) of the Internal Revenue Code of 1939. This holding makes unnecessary any discussion, insofar as the question of fraud is concerned, of respondent's use of the net worth method in making his determination of the deficiency and addition to tax for the year 1945. We call attention, however, to what appears to be a mathematical error in respondent's computation of petitioner's taxable income for the year 1945. Under the heading "Assets", respondent listed petitioner's interest in the "Manhattan Grill" as of December 31, 1945 as amounting to $5,894.70, whereas one-half of $11,523.35 (the net worth of the Manhattan *221 Grill on December 31, 1945) amounts to only $5,761.68. There is no evidence in the record from which we are able to reconcile the difference in these figures. At the hearing respondent's witness testified that the value of this interest was $5,761.68. Accordingly, in our findings set forth above, we have found that petitioner's interest in the partnership on December 31, 1945 was $5,761.68. This reduced petitioner's taxable net income for 1945 to $9,007.70 instead of $9,140.72. We assume respondent will make the necessary correction for this in his Rule 50 computation. The above finding of fraud likewise disposes of any question of limitation with respect to the deficiency and addition to tax for the year 1945. Section 276(a), Internal Revenue Code of 1939. We next consider the years 1946 and 1947. For the purpose of establishing fraud for these years, respondent relies upon gross understatement, wholly unexplained by petitioners, of the amount of income received from the Manhattan Grill. In the absence of adequate records maintained by the partnership or by petitioners, respondent computed the gross profits of the partnership on the basis of a percentage of gross sales mark-up. *222 The percentage used was 27 per cent, which respondent says was reasonable on the ground that it is the same percentage as that computed from the 1948 partnership return and is less than the percentage of mark-up known to have been realized by other concerns in the same type of business. Respondent also points to the minimum mark-up required by state law on liquor sold by case lots and less than case lots. Bearing in mind that we are here considering, not the correctness of the amount of the income tax deficiencies as to which the burden was on petitioners, but whether any part of the deficiencies determined for the years 1946 and 1947 was due to fraud with intent to evade tax, which the respondent has the burden of establishing by clear and convincing evidence, we are unable, after careful consideration of all the evidence, to say that respondent has carried that burden. Essential to respondent's case is the question of reasonableness of the 27 per cent markup. The fact that this is the same percentage as that computed on the 1948 business is not conclusive in the absence of more showing of similarity in the operations of the business during these three years. 1948 was the third *223 year of partnership business and it is natural to presume that greater efficiency in business operations was attained in the third year than in the first or second year. Likewise it is noted, there was a shortage of alcoholic beverages in 1945 and 1946, and to a somewhat lesser extent in 1947, so that retailers were required by the suppliers to buy certain quantities of wine and other slower moving beverages in order to obtain the more readily merchandisable whiskies. This condition had practically disappeared by 1948. There is no showing as to the quantities of the less desirable beverages handled by the partnership in the years 1946 and 1947, or how they were disposed of. Nor do we think respondent has demonstrated the reasonableness of a 27 per cent mark-up on the basis of comparison with other businesses of a like nature, all but one of which were located in Louisville and other parts of Kentucky and no comparable features were shown. Cf. In re Max Sheinman, Bankrupt, 14 Fed. (2d) 323. As to the one establishment located in the same block in Middlesboro, Kentucky, as the Manhattan Grill, the evidence was insufficient on which to base a comparison. Respondent's witnesses *224 did not know the size or price of drinks sold by the other establishment, whether either was licensed to sell liquor by the case lot or what were the percentages of beer, wine, and whiskey handled by each. Also, it appears that the 27 per cent mark-up was applied to total receipts notwithstanding respondent's agent was apparently furnished all the invoices of the partnership. Respondent's agent testified he had not attempted to check the total purchases from the invoices because of the number of them and the lack of sufficient time. The magnitude of the task is certainly no excuse for not examining available records which would have shown the total purchases by the partnership, as well as the quantities of beer (whether bottled or barrelled), wine, whiskey and other beverages handled. With such information, and by ascertaining the prices at which sold, it appears reasonable that respondent could more accurately have computed the gross profits of the partnership, assuming of course the accuracy of inventories reported on the returns. Considering all the facts and circumstances, respondent has failed to establish the partnership income for 1946 and 1947 with that degree of clarity *225 and conviction as would justify us in finding that petitioner grossly understated his income for those years. Consequently we hold that respondent has failed to establish that any part of the deficiencies asserted for the years 1946 and 1947 is due to fraud with intent to evade tax and petitioners are not liable for the additions to tax asserted for those years under section 293 (b) of the Internal Revenue Code of 1939. For the same reasons stated above, we likewise hold that respondent has failed to prove that petitioners omitted from gross income an amount in excess of 25 per cent of the gross income reported for 1946, which would have invoked the limitation provisions of section 275(c) of the Internal Revenue Code of 1939. Accordingly the deficiency asserted by respondent for the taxable year 1946 is barred by the statute of limitations. In his determination of the deficiencies and additions to tax, respondent has included the name of Edith Williamson along with her then husband, Gaines Williamson. As no error in this respect was assigned in the petition and the question was not mentioned or discussed at the trial or on briefs, respondent's determination is presumed to be correct. *226 W. L. Kann, 18 T.C. 1032, affd. 210 Fed. (2d) 247, certiorari denied 347 U.S. 967. Decision will be entered under Rule 50. Footnotes
*. Based on the deficiency (amounting to $1,936.44) determined before consideration of the additional return filed for 1945.↩
*. Adjusted gross income.↩
1. SEC. 275. PERIOD OF LIMITATION UPON ASSESSMENT AND COLLECTION. Except as provided in section 276 - (a) General Rule. - The amount of income taxes imposed by this chapter shall be assessed within three years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period. * * *
(c) Omission from Gross Income. - If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed. SEC. 276. SAME - EXCEPTIONS. (a) False Return or No Return. - In the case of a false or fraudulent return with intent to evade tax or of a failure to file a return the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. (b) Waiver. - Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. SEC. 293. ADDITIONS TO THE TAX IN CASE OF DEFICIENCY. * * *
(b) Fraud. - If any part of any deficiency is due to fraud with intent to evade tax, then 50 per centum of the total amount of the deficiency (in addition to such deficiency) shall be so assessed, collected, and paid, in lieu of the 50 per centum addition to the tax provided in section 3612(d)(2).↩