T.C. Memo. 2014-244

UNITED STATES TAX COURT

CHRISTOPHER SALMONSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28399-08.                          Filed December 9, 2014.

Christopher Salmonson, pro se.

<u>John T. Lortie</u>, <u>Kimberly A. Daigle</u>, and <u>Kenneth Allan Hochman</u>, for
respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  Respondent issued a notice of deficiency determining the

following deficiencies, additions to tax, and penalties with respect to Christopher

[*2] Salmonson's Federal income tax for years 1998 through 2003:[1]

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|------|-----------|---------------------------------|----------------------|
| 1998 | $91,603 | $22,900 | $18,321 |
| 1999 | 354,400 | 88,600 | 70,835 |
| 2000 | 171,547 | 42,211 | 34,309 |
| 2001 | 83,123 | 18,220 | 16,625 |
| 2002 | 90,832 | 18,259 | 18,166 |
| 2003 | 16,214 | 4,054 | 3,243 |

The issues remaining for consideration are whether Mr. Salmonson has unreported income and whether he is liable for additions to tax and penalties. We sustain respondent's adjustments as to the omitted income. Further, respondent met his burden of production as to the additions to tax and penalties, and Mr. Salmonson did not establish any grounds on which the additions to tax and penalties should not apply in this case, so we also sustain the additions and penalties.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*3]                              Background

This case was submitted without trial under Rule 122.

During the years in issue Mr. Salmonson was the chief executive officer of Fuel Nation, Inc. On November 15, 2004, Mr. Salmonson filed joint Federal income tax returns for 1998 through 2003. The Internal Revenue Service later examined Mr. Salmonson's returns and after analyzing his bank deposits and unrelated cash expenditures determined that he had underreported his income. On August 22, 2008, respondent mailed Mr. Salmonson a notice of deficiency increasing his taxable income, allowing deductions, and making various computational adjustments. Respondent also determined a section 6651(a)(1) failure to timely file addition to tax and a section 6662(a) accuracy-related penalty for each year in issue. Mr. Salmonson, while residing in Florida, timely petitioned.

In May 2014 the parties filed a joint motion to submit this case fully stipulated pursuant to Rule 122. The Court granted the motion, and the parties filed a stipulation of facts. Mr. Salmonson stipulated that he had bank deposits and unrelated cash expenditures in amounts equal to the amounts determined in the notice of deficiency for 1998 through 2003; however, he disputed that the amounts were taxable. The parties also attached copies of Mr. Salmonson's

**[*4]** unfiled 1998 through 2003 Forms 1040X, Amended U.S. Individual Income Tax Return, to the stipulation. Attached to each Form 1040X was an affidavit by Mr. Salmonson stating: "In * * * [the tax year] no payments or deposits were received by the party identified as 'the recipient' from the party identified as 'the payor' which were connected with the performance of the functions of a public office, or otherwise constituted gains, profits or income within the meaning of the relevant law."

Discussion

## I. Burden of Proof

The Commissioner's determinations in the notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving otherwise.[2] However, in order for the presumption of correctness to arise in cases involving unreported income, the Commissioner must make a minimal evidentiary showing.[3] We find that respondent has made such a showing and is entitled to the presumption.

The burden may shift to the Commissioner under section 7491(a) if the taxpayer has complied with the necessary substantiation requirements and has

---

[2]Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

[3]Blohm v. Commissioner, 994 F.2d 1542, 1549 (11th Cir. 1993), aff'g T.C. Memo. 1991-636.

**[*5]** maintained all records and cooperated with reasonable requests by respondent for witnesses, information, documents, meetings, and interviews. While Mr. Salmonson argues that respondent bears the burden, he has not met these requirements. As a result, the burden remains on Mr. Salmonson.

## II. Omitted Income

Where a taxpayer fails to keep sufficient records under section 6001, the Commissioner may compute taxable income through a method that clearly reflects income.[4] One such method involves combining a taxpayer's accretions to wealth by examining his bank deposits and cash expenditures.[5]

The Commissioner's use of the bank deposits analysis method has long been approved.[6] This method "assumes that all money deposited in a taxpayer's bank account during a given period constitutes taxable income, but the Government must take into account any nontaxable source or deductible expense of which it

---

[4]Sec. 446(b); Parks v. Commissioner, 94 T.C. 654, 658 (1990); Petzoldt v. Commissioner, 92 T.C. 661, 686-687 (1989).

[5]United States v. Abodeely, 801 F.2d 1020, 1023-1024 (8th Cir. 1986).

[6]Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978).

**[\*6]** has knowledge."[7] Nontaxable sources include funds attributable to "'loans, gifts, inheritances, or assets on hand at the beginning of the taxable period.'"[8]

A bank deposit provides prima facie evidence of income, and the Commissioner is not required to prove the likely source of the income.[9] The taxpayer carries the burden of establishing that items should be excluded from income or allowed as deductions.[10] One such way of proving that an item should have been excluded would be to show that the deposit is derived from a nontaxable source.[11]

Likewise, the cash expenditures method is another well-established method of determining a taxpayer's unreported income.[12] The foundation of the cash expenditures method is "the assumption that the amount by which a taxpayer's expenditures during a taxable year exceed his reported income has taxable origins

---

[7]Clayton v. Commissioner, 102 T.C. 632, 645-646 (1994) (citing DiLeo v. Commissioner, 96 T.C. 858, 868 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992)).

[8]Burgo v. Commissioner, 69 T.C. 729, 743 n.14 (1978) (quoting Troncelliti v. Commissioner, T.C. Memo. 1971-72).

[9]Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

[10]Gemma v. Commissioner, 46 T.C. 821, 833 (1966).

[11]See Nicholas v. Commissioner, 70 T.C. at 1064.

[12]Parks v. Commissioner, 94 T.C. at 658.

[*7] absent some explanation by the taxpayer."[13]  The relevant inquiry is whether any expenditures exceeding reported income can be attributed to assets available at the beginning of the relevant period or to nontaxable receipts.[14]

Mr. Salmonson stipulated that he had bank deposits and unrelated cash expenditures in the amounts that respondent alleged.  However, Mr. Salmonson argues in his brief that respondent erred in conducting his own analysis and argues instead that respondent should focus on Mr. Salmonson's Forms 1040X.

First, we note that the Internal Revenue Code does not explicitly provide for either the filing or the acceptance of an amended return; "instead, an amended return is a creature of administrative origin and grace."[15]  It is solely within the Commissioner's discretion whether to accept or reject an amended return.[16]  Even if we were to look to the amended returns in evaluating Mr. Salmonson's tax liabilities, he maintains the same argument in the affidavit attached to his Form 1040X as he does in the stipulation:  that the income is not taxable to him under section 7701(a)(26) because he did not hold a public office.  Section 7701

---

[13]Petzoldt v. Commissioner, 92 T.C. at 694.

[14]Petzoldt v. Commissioner, 92 T.C. at 695.

[15]Badaracco v. Commissioner, 464 U.S. 386, 393 (1984).

[16]Goldring v. Commissioner, 20 T.C. 79, 81 (1953).

[*8] provides various definitions, and section 7701(a)(26), specifically, provides that "[t]he term 'trade or business' includes the performance of the functions of a public office." However, section 7701(c) provides that the term "includes" is not to be interpreted to "exclude other things otherwise within the meaning of the term defined." We have previously held arguments seeking to convert "includes" to "includes only" to be frivolous.[17] Consequently, we decline to address Mr. Salmonson's argument further.[18] Mr. Salmonson has not provided any other arguments or evidence to show that the amounts should not be included in his income.

Accordingly, we sustain respondent's adjustments to Mr. Salmonson's taxable income.

---

[17]Wnuck v. Commissioner, 136 T.C. 498, 506 (2011); Waltner v. Commissioner, T.C. Memo. 2014-35, at *50.

[18]See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these [frivolous] arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."); Wnuck v. Commissioner, 136 T.C. at 504 ("[I]t is doubtful whether tax jurisprudence will be much advanced by issuing yet another opinion affirming the obvious truisms about tax law[.]"); Sanders v. Commissioner, T.C. Memo. 1997-452, 1997 WL 602841, at *4 ("[W]e are not obligated to exhaustively review and rebut petitioner's misguided contentions.").

[*9] III. Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failing to timely file a Federal income tax return unless it is shown that the failure was due to reasonable cause and not due to willful neglect. The Commissioner bears the burden of production with respect to an individual's liability for any penalty or addition to tax.[19] The taxpayer then bears the burden of proving any defenses.[20]

Respondent determined an addition to tax under section 6651(a)(1) for each year in issue. Mr. Salmonson stipulated that he filed joint Federal income tax returns for 1998 through 2003 on November 15, 2004.[21] He did not provide evidence of any defenses.

Accordingly, we find that respondent has met his burden of production and Mr. Salmonson did not prove any defenses. As a result, the additions to tax under section 6651(a)(1) for the years in issue are sustained.

IV. Section 6662(a) Accuracy-Related Penalty

Section 6662 imposes a 20% accuracy-related penalty on "any portion of an underpayment of tax required to be shown on a return" if the underpayment is due

---

[19]See sec. 7491(c).

[20]See Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

[21]See sec. 6072(a).

**[\*10]** to, among other reasons, negligence or disregard of rules or regulations.[22] As with section 6651(a), the Commissioner bears the burden of production as to the penalty.[23] The penalty will not apply to any portion of the underpayment for which a taxpayer establishes that he or she had reasonable cause and acted in good faith.[24]

As defined in the Code, "'negligence' includes any failure to make a reasonable attempt to comply with the provisions of this title, and the term 'disregard' includes any careless, reckless, or intentional disregard."[25] Negligence has been further defined as a "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'"[26] Additionally, a taxpayer is negligent if he fails to maintain sufficient records to substantiate the items in question.[27]

---

[22]Sec. 6662(a) and (b)(1).

[23]Sec. 7491(c).

[24]Sec. 6664(c)(1).

[25]Sec. 6662(c).

[26]See Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), aff'g in part, remanding in part 43 T.C. 168 (1964), and T.C. Memo. 1964-299).

[27]See Higbee v. Commissioner, 116 T.C. at 449; sec. 1.6662-3(b)(1), Income
(continued...)

**[*11]** Mr. Salmonson was negligent. In the stipulations and in his briefs, Mr. Salmonson maintained that the omitted income was not taxable to him because of section 7701(a)(26). As stated above, we have previously rejected any attempt to read "includes" as "includes only" as frivolous. Further, subsection (c) of section 7701 rejects this interpretation as well.

Accordingly, we find that respondent met his burden of production and Mr. Salmonson failed to prove any defenses. Therefore, the penalties under section 6662(a) for the years in issue are sustained.

Relatedly, section 6673 allows the Court to impose sanctions when a taxpayer continues to advance frivolous positions. Respondent did not assert, nor will we require Mr. Salmonson to pay, a penalty under section 6673 at this time. However, we warn Mr. Salmonson that such a penalty could be imposed in the future should he continue to assert arguments similar to those asserted here.

V. Conclusion

On the basis of the evidence before us, we sustain respondent's adjustments to Mr. Salmonson's taxable income. Further, we sustain the additions to tax and

---

[27](...continued)
Tax Regs.

**[*12]** penalties because respondent met his burden of production and Mr. Salmonson failed to meet his burden to show that the penalties should not apply.

We have considered the parties' arguments and, to the extent not addressed herein, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.